Harper J.
delivered the opinion of the Court.
If the testimony given in the case, be credited (and of the credit due to it, the jury were to judge) it would appear that the plaintiff was the particular agent of the witness, Dr. William C. Daniel, to make a purchase of slaves, with specific and limited powers and instructions, and that he exceeded his powers. If this be so, the principal is not bound by his contract. The distinction between the authority of a general and particular agent is explained by Ashhurst J. in Fenn v. Harrison 3 T. R. 757. “If a person keeping livery stables, and having a horse to sell, directed his servant not to warrant him, and the servant did nevertheless warrant him, still the master would be liable on the warranty, because the servant was acting in the general scope of his authority, and the public cannot be supposed to be cognizant of any private conversation between the master and servant: but if the owner of a horse were to send a stranger to á fair with express directions not to warrant the horse, and the latter acted contrary to the orders, th.e purchaser could only have recourse to the person who actually sold the horse, and the owner would not be liable on the warranty, because the servant was not acting in the scope of his employment.” It does not appear that the plaintiff was the general agent of Dr. Daniel for the purchasing of negroes. He was employed to make one particular purchase, with specific instructions as to the sort of slaves he should purchase, or rather the sort he should not purchase. He purchased the prohibited kind, and his principal was nottherefore bound. The bidding off of the slaves by plaintiff, at defendant’s sale, constituted a sufficient contract of purchase and sale, between the plaintiff and defendant. He re *206 presented himself, however, as agent, and if he had acted within his authority the principal would have been bound, and the bill of sale to Dr. Daniel would have vested the title of the slaves in him. But Dr. Daniel refused to accept the purchase, the bill of sale became a nullity, and the contract between the defendant and the plaintiff individually, remained unimpaired.

The motion is granted,

Johnson & O’Neall Js. concurred.